UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEMAND DOGS, LLC, <br><br>         Plaintiff <br>v. <br><br>JOHN BLAIR, <br><br>         Defendant | Civil Action No. <br><br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff, Demand Dogs, LLC ("Plaintiff"), through their undersigned attorneys, by way of Complaint against Defendant, John Blair ("Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff, Demand Dogs, LLC ("Demand Dogs"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Short Street, Suite 1, Northampton, MA.

2. Defendant, John Blair ("Blair"), an individual, is a resident of the State of Kentucky, residing at 3855 Lochdale Ter., Apt. 1109, Lexington, Kentucky 40514.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a) because this action involves a claim arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, relating to the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over the remaining claims asserted herein under 28 U.S.C. § 1367 because they form part of the same case or controversy.

4. This Court has personal jurisdiction over Blair because he consented to jurisdiction in "federal court located in the Commonwealth of Massachusetts" pursuant to Section 9 of his Employment Agreement dated December 3, 2020 ("Blair Employment Agreement"). A true and accurate copy of the Blair Employment Agreement is attached hereto as Exhibit 1.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL BACKGROUND

6. On or about December 3, 2020, Blair entered into the Blair Employment Agreement.

7. At Section 7.1 of the Blair Employment Agreement, it states as follows:

> Work Made for Hire; Assignment. The Employee acknowledges that, by reason of being employed by the Company at the relevant times, to the extent permitted by law, all of the Work Product consisting of copyrightable subject matter is "work made for hire" as defined in 17 U.S.C. § 101 and such copyrights are therefore owned by the Company. To the extent that the foregoing does not apply, the Employee hereby irrevocably assigns to the Company, for no additional consideration, the Employee's entire right, title and interest in and to all Work Product and Intellectual Property Rights therein, including the right to sue, counterclaim and recover for all past, present and future infringement, misappropriation or dilution thereof, and all rights corresponding thereto throughout the world. Nothing contained in this Agreement shall be construed to reduce or limit the Company's rights, title or interest in any Work Product or Intellectual Property Rights so as to be less in any respect than that the Company would have had in the absence of this Agreement.

8. Blair worked at Demand Dogs as an employee from December 3, 2020 until September 5, 2023 ("Blair's Employment Period"). Consequently, Demand Dogs owns all Work Product and Intellectual Property Rights as defined in the Blair Employment Contract.

9. During Blair's Employment Period, Blair assisted Demand Dogs with exploring the idea of technology focused on measuring the content of whiskey barrels. Blair did not have any prior knowledge regarding the methodology to measure the content of whiskey barrels. Blair had some rudimentary ideas about measuring the content of whiskey barrels through measuring

pressure temperature and volume by using a reconfigured measuring device for ambient temperature, a strain gauge, and then he had added humidity. Blair used a volume equation that is readily available on the internet. None of Blair's rudimentary ideas, even though they are property of Demand Dogs, are not being used.

10. Demand Dogs was pursuing the idea of millimeter wave (MM) or radio frequency ("RF") as a method of measuring the content of whiskey barrels ("Demand Dogs Idea"). Demand Dogs was also working with a manufacturer, Plextek Services Limited ("Plextek"), to design and manufacture a device that would allow for the implementation of the Demand Dogs Idea. Demand Dogs' owners had a long term relationship with Plextek. Blair had no relationship whatsoever with Plextek.

11. Blair had absolutely no prior knowledge of how to measure the content of whiskey barrels with MM or RF. Blair never attempted himself to explore the idea of measuring the content of whiskey barrels with MM or RF. Blair's attempts to explore the ideal of using MM or RF to measure the content of whiskey barrels went nowhere. Plextek eventually refused to discuss the Demand Dogs Idea at all with Blair because Blair was refusing to work with the actual engineering experts at Plextek and his input was counterproductive. Thus, Blair's involvement was not only substantively useless, it also interfered with any actual progress being made with Plextek on designing and implementing the Demand Dogs Idea.

12. Demand Dogs decided not to bring Blair to any meetings with Plextek, investors or others regarding the Demand Dogs Idea because of Blair's poor interactions with Plextek which jeopardized the project. Blair failed to accomplish the most menial tasks associated with the Demand Dogs Idea, such as battery research, and when he tried to accomplish any tasks associated with the Demand Dogs Idea, he was late and the work product was useless.

13. Demand Dogs, through its owner Brian Anderson, hired patent counsel to obtain

intellectual property protection for the Demand Dogs Idea.

14. On February 27, 2023, Brian Anderson, an owner of Demand Dogs, through counsel, filed a Utility-Provisional Application, Application No. 63/487,014 ("Demand Dogs Patent Application"). The title of the invention is "See Your Barrel Live."

15. Demand Dogs' owners, Keith Smith and Brian Anderson, have met with numerous professionals and potential investors throughout the United States in pursuit of the Demand Dogs Idea and the Demand Dogs Application. Blair has only participated in, perhaps, one of those meetings. Keith Smith and Brian Anderson have spent countless hours and funds pursuing the Demand Dogs Idea and Demand Dogs Application without any meaningful contribution from Blair.

16. The Demand Dogs Idea and Demand Dogs Patent Application and all other ideas, work product and rights related to the Demand Dogs Idea and Demand Dogs Patent Application are Work Product and Intellectual Property Rights under the Blair Employment Agreement and, therefore, owned by Demand Dogs. Blair has absolutely no ownership rights in the Demand Dogs Idea, Demand Dogs Patent Application or any other ideas or work product related to the Demand Dogs Idea and Demand Dogs Patent Application or any patents subsequently issued regarding the Demand Dogs Idea or Demand Dogs Patent Application.

17. On September 5, 2023, Blair was terminated from Demand Dogs.

18. On September 25, 2023, Keith Smith and Brian Anderson incorporated Barrel Proof Technologies LLC ("Barrel Proof") in the State of Tennessee. Keith Smith and Brian Anderson are members of Barrel Proof.

19. Brian Anderson called Blair to talk about his role and limited contributions. Blair refused to talk to Brian Anderson. Blair then informed Brian Anderson that he "will be retaining a lawyer to handle the situation moving forward."

20. Blair then approached Demand Dogs' patent attorney Dr. Kelly Hollowell on Thursday November 30th without Demand Dogs' knowledge. Demand Dogs only found out when Demand Dogs contacted Dr. Hollowell on Friday November 31st. Demand Dogs learned that Blair claimed the following (which are all lies): (1) Blair had hired Keith Smith and Brian Anderson to do sales for Blair; (2) Blair stated that he was the primary inventor; and (3) Blair misrepresented that he worked for Demand Dogs (when he had already been terminated) and claimed that he worked on the "idea" in his "off hours".

21. Blair is wrongfully asserting rights to the Demand Dog Ideal and Demand Dog Patent Application.

**CLAIMS FOR RELIEF**

**COUNT I: DECLARATORY JUDGMENT AS TO THE OWNERSHIP OF THE DEMAND DOGS IDEA, DEMAND DOGS PATENT APPLICATION AND ANY SUBSEQUENTLY ISSUED PATENTS**

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. As described above, Blair is wrongfully asserting rights to the Demand Dogs Idea and Demand Dogs Patent Application.

24. Blair's allegations regarding his rights to the Demand Dog Idea and Demand Dogs Patent Application have the potential to affect Demand Dog's rights to the Demand Dogs Idea, Demand Dog Patent Application and any subsequently issued patents.

25. Contrary to Blair's allegations, he has no rights in the Demand Dog Idea, Demand Dog Patent Application or any subsequently issued patents.

26. Contrary to Blair's allegations, the Demand Dogs Idea, Demand Dog Patent Application and any subsequently issued patents are the sole property of Demand Dogs.

27. As a result of Blair's acts as described in this Complaint, there exists a substantial and actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28. Accordingly, a judicial declaration is necessary and appropriate so that Plaintiffs may ascertain the ownership of the Demand Dogs Idea, Demand Dog Patent Application and any subsequently issued patents.

## COUNT II: BREACH OF CONTRACT

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Blair entered into the Blair Employment Agreement.

31. Blair's conduct as set forth herein is a breach of the Blair Employment Agreement.

32. As a result of Blair's breach, Demand Dogs has suffered damages.

33. Demand Dog's damages include, *inter alia*, lost profits, lost opportunities, lost investment, attorneys' fees, costs, and other expenses incurred in enforcing its rights under the Blair Employment Contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request:

1. A judgment declaring that Demand Dogs owns the entire right, title and interest in and to the Demand Dogs Idea, Demand Dog Patent Application and any subsequently issued patents;

2. A judgment that Blair has breached the Blair Employment Agreement;

3. An award of actual compensatory and compensatory damages in an amount to be determined at trial plus interest for Blair's breach of contract;

4. That the case be found exceptional under 35 U.S.C. § 285;

5. Attorneys' fees;

6. Costs and expenses in this action; and

7. Such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all issues so triable in this case.

                                                      Demand Dogs, LLC
                                                      By its attorney,

                                                      *Ronald W. Dunbar, Jr.*

                                                      Ronald W. Dunbar, Jr.
                                                      dunbar@dunbarlawpc.com
                                                      BBO No. 567023
                                                      Dunbar Law PC
                                                      10 Post Office Square
                                                      Boston, MA 02108
                                                      (617) 244-3550

Dated:  December 26, 2023